**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ADAM FLORES, et al.,

    Plaintiffs,

vs.
                                  Case No. 3:22-cv-70-MMH-PDB

UNITED STATES OF AMERICA,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction with Memorandum of Law in Support (Doc. 8; Motion), filed on January 21, 2022. Simultaneously with the Motion, Plaintiffs filed an Amended Verified Class Action Complaint for Preliminary, Permanent, Injuctive [sic], and Declaratory Relief (Doc. 7; Amended Complaint). In the eight-count Amended Complaint, Plaintiffs assert a variety of claims related to the COVID-19 vaccine mandates imposed on federal employees and contractors by Executive Orders 14042 and 14043, dated September 9, 2021. Plaintiffs assert that they are air traffic controllers subject to these mandates, although the specific employment or vaccination status of each individual Plaintiff is unclear. See Amended Complaint ¶¶ 9-10, 17. In the Motion, Plaintiffs broadly request that "the Court immediately enter a TRO

and/or a preliminary injunction against the United States seeking the immediate cessation of its employer-imposed COVID-19 Vaccine Mandates; President Biden's executive orders; all required PCR testing; Proof of Inoculation / Vaccine Passports; and mask policies." See Motion at 24.

Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and Local Rule 6.01, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order. Specifically, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 6.01(a) requires that the motion include, among other things: "a precise and verified description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," a "proposed order," and "a supporting legal memorandum . .

2

. ." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Upon review of the Motion, the Court finds that Plaintiffs' request for a temporary restraining order is due to be denied. Plaintiffs fail to provide specific facts demonstrating that the threat of harm is so immediate and irreparable that notice to Defendant is impracticable or impossible. Most significantly, the two Executive Orders challenged in this lawsuit are already subject to orders preliminarily enjoining their enforcement nationwide. See Feds for Medical Freedom v. Biden, No. 3:21-cv-356, 2022 WL 188329, at *7-8 (S.D. Tex. Jan. 21, 2022) (enjoining enforcement of Executive Order 14043 which imposed a COVID-19 vaccine mandate on all federal employees); Georgia v. Biden, No. 1:21-cv-163, 2021 WL 5779939, at *12 (S.D. Ga. Dec. 7, 2021) (enjoining enforcement of Executive Order 14042 which imposed a COVID-19 vaccine mandate on all federal contractors).[1] As such, whatever threat Plaintiffs faced

---

[1] In light of these injunctions, the Court also questions whether Plaintiffs can establish the threat of irreparable harm warranting even preliminary injunctive relief. Plaintiffs should address this issue in any amended motion seeking such relief.

from the enforcement of those Executive Orders has subsided, at least for the time being.

Moreover, the vaccine mandates and other policies that Plaintiffs are challenging in this lawsuit have been in place for months. The challenged Executive Orders were issued on September 9, 2021. See Executive Order 14042, 86 Fed. Reg. 50, 985-88; Executive Order 14043, 86 Fed. Reg. 50, 989-90. Enforcement of the federal employee vaccine mandate was originally set to begin at the end of November. See Feds for Medical Freedom, 2022 WL 188329, at *1. Federal contractors faced a vaccination deadline of January 18, 2022. See Georgia, 2021 WL 5779939, at *2. Yet, Plaintiffs did not initiate this lawsuit until January 20, 2022. See Verified Class Action Complaint for Preliminary, Permanent, Injuctive [sic], and Declaratory Relief (Doc. 1). Plaintiffs provide no explanation for their delay in seeking injunctive relief until this late date and that unexplained delay in this case warrants the denial of their request for a temporary restraining order without notice and an opportunity for Defendant to respond.[2] See Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few

---

[2] Notably, Plaintiffs also fail to submit evidence that they are subject to any imminent, specific discipline or harm for refusing to comply with the challenged policies. And it appears that at least some of the Plaintiffs have in fact been vaccinated. See Amended Complaint ¶ 10.

months—though not necessarily fatal—militates against a finding of irreparable harm."); see also Grames v. Sarasota Cnty., Fla., No. 8:20-cv-739-T-36CPT, 2020 WL 1529539, at *4 (M.D. Fla. Mar. 31, 2020) ("[A] plaintiff cannot establish the threat of irreparable injury sufficient to warrant entry of an ex parte temporary restraining order where the emergency nature of the motion is caused by the plaintiff's own delay."); U.S. Bank Nat'l Ass'n v. Turquoise Props. Gulf, Inc., No. 10-0204-WS-N, 2010 WL 2594866, at *4 (S.D. Ala. June 18, 2010) (collecting cases) ("As one federal court aptly put it, '[a] party cannot delay . . . and then use an emergency created by its own decisions concerning timing to support a motion for preliminary injunction.'" (quoting Max-Planck-Gesellschaft Zur Forderung Der Wissenshaften E.V. v. Whitehead Institute for Biomedical Research, 650 F. Supp. 2d 114, 123 (D. Mass. 2009))). In light of the foregoing, the Court will deny the Motion to the extent Plaintiffs seek a temporary restraining order.[3]

---

[3] Although not included in their proposed order (Doc. 8-2), in various places within their Motion, Plaintiffs also appear to request an order enjoining "the production and distribution of the COVID-19 vaccines at issue . . . ." See Motion at 6, 8. However, Plaintiffs do not name the vaccine manufacturers as Defendants to this lawsuit and Plaintiffs present no argument or legal authority demonstrating that they are entitled to such extraordinary relief. Accordingly, such requests do not appear to be properly raised in this action brought solely against the United States.

In addition, upon review of the pleadings in this action, the Court finds that the Amended Complaint is due to be stricken as an impermissible "shotgun pleading." See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[4]  The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on

---

[4] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings."  See Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321).  As the Barmapov court explained,
> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  The third is a complaint that does not separate "each cause of action or claim for relief" into a different count.  And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Plaintiffs' Amended Complaint falls into at least two of the four categories of shotgun pleadings prohibited in the Eleventh Circuit. First, the most common category of "shotgun pleading" involves a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in

7

ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in Counts II through VIII of the Amended Complaint, Plaintiffs reallege and incorporate all allegations of all the preceding counts. See Amended Complaint ¶¶ 127, 136, 146, 166, 173, 179, and 188. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In addition, the Amended Complaint embodies the second most-common form of shotgun pleading in that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Far from a "short and plain statement of the claim," see Rule 8(a)(2), Plaintiffs' Amended Complaint is 107 pages long with over 200 paragraphs. The Amended Complaint contains conclusory and inflammatory allegations of wrongdoing, lengthy recitations of purported evidence, as well as legal arguments complete with case citations, much of which is unnecessary and untethered to any specific cause of action. Indeed, given the shotgun

reincorporation of all allegations, the Court cannot determine which facts form the basis for which claims.

Ultimately, as with all types of shotgun pleadings, the Amended Complaint fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020) (quoting Weiland, 792 F.3d at 1320). In light of the foregoing, the Court will strike the Amended Complaint as an impermissible shotgun pleading and direct Plaintiffs to file a second amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the second amended complaint shall set forth "a short and plain statement" of Plaintiffs' claims demonstrating that they are entitled to relief. See Rules 8(a)(2), 10(b). Plaintiffs must avoid the shotgun pleading deficiencies set forth above and describe in sufficient detail the factual basis for each of their claims and how Defendant is responsible. In doing so, Plaintiffs should focus on the elements of their specific causes of action and assert those facts necessary to demonstrate that they are entitled to relief on the claims asserted. Plaintiffs are cautioned that including lengthy recitations of the evidence purportedly supporting their

claims as well as extensive legal argument in a complaint is generally unnecessary and indeed, counterproductive.

Because the Amended Complaint is due to be stricken, the Court will also deny Plaintiffs' request for a preliminary injunction. If Plaintiffs continue to believe that such injunctive relief is warranted, despite the nationwide injunctions currently in place, Plaintiffs may file a new motion seeking such relief after the filing of properly drafted second amended complaint. Upon filing the second amended complaint and any amended motion for injunctive relief, Plaintiffs must promptly effect service of process in accordance with Rule 4.[5]

Accordingly, it is

**ORDERED**:

1. The Amended Verified Class Action Complaint for Preliminary, Permanent, Injunctive, and Declaratory Relief (Doc. 7) is **STRICKEN**.

2. Plaintiffs shall have up to and including **February 22, 2022**, to file a second amended complaint which complies with the requirements of this Order. Failure to do so may result in the dismissal of this action without further notice.

---

[5] Plaintiffs are instructed to provide the Court with courtesy copies of the second amended complaint, any amended motion for injunctive relief, and any exhibits to those documents.

10

3. Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction with Memorandum of Law in Support (Doc. 8) is **DENIED, in part, and DENIED without prejudice, in part.**

   A. To the extent Plaintiffs request entry of a temporary restraining order without providing Defendant with notice and an opportunity to be heard, this request is **DENIED**.

   B. Otherwise, the Motion is **DENIED without prejudice** to the filing of an appropriate motion for preliminary injunction, if warranted.

4. Plaintiffs shall immediately effect service of process of their second amended complaint and, if filed, any motion for preliminary injunctive relief and supporting materials on Defendant in accordance with Rule 4, Federal Rules of Civil Procedure.

5. Immediately upon accomplishing service of process, Plaintiffs shall file proof of such service in accordance with Rule 4(*l*).

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of January, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc11

Copies to:

Counsel of Record
Pro Se Parties